**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MICHAEL L. KING, SR,
                    Appellant,

              v.

UNITED STATES POSTAL SERVICE,
                    Agency.

DOCKET NUMBER
CH-0353-15-0202-I-1

DATE: September 14, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Gale R. Thames, Washington, D.C., for the appellant.

James P. Verdi, Chicago, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1    The appellant has filed a petition for review of the initial decision, which dismissed his restoration appeal for lack of jurisdiction.  Generally, we grant petitions such as this one only when:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2　　The facts in this appeal are largely undisputed. At all relevant times, the appellant has been employed as a letter carrier at the Morgan Park Station in Chicago, Illinois. Initial Appeal File (IAF), Tab 1. Since 2013, he has sustained compensable injuries. The Office of Workers' Compensation Programs (OWCP) accepted his claim for a "thoracic sprain" on February 6, 2013. IAF, Tab 7 at 13-15, 17-18. The OWCP accepted his claim for a "temporary aggravation" of "osteoarthrosis unsp pelvis/thigh" on August 13, 2013. *Id.* at 20-23, 25-27. On October 15, 2014, the OWCP added another medical condition to the appellant's accepted claim: "other joint derangement, pelvic region and thigh left." *Id.* 29-30.

¶3　　Because of his injuries, the appellant has shown varying degrees of medical limitation to work during this time. *See* IAF, Tab 1 at 16-32. The record shows that he has accepted a series of modified job assignments and worked within his medical limitations since June 2014. *See* IAF, Tab 7 at 35; *see also* IAF, Tab 8, Exhibit (Ex.) 5. For instance, he accepted a modified job assignment dated July 22, 2014, for 1 to 2 hours of "casing on open routes." IAF, Tab 7 at 111. In

addition to these tasks, his time and attendance records from June 1, 2014, through January 16, 2015, as well as a declaration from his supervisor, reflect that he has performed miscellaneous sedentary assignments, worked in the post office box section, and made deliveries, as these additional duties have become available. *Id.* at 34-35, 39-100.

¶4 The appellant updated his medical documentation on August 15, 2014, listing his work restrictions. *Id.* at 32. Restricted activities included performing tasks requiring repetitive kneeling, stooping, squatting, or bending. *Id.* He also was restricted from prolonged standing, walking, or stair climbing for more than 1 hour without a 15-minute rest break. *Id.* He additionally was restricted from repetitive pushing, pulling, lifting, and carrying. *Id.* On September 15, 2014, the agency provided the appellant with a written modified job assignment based on these most recent restrictions. *Id.* at 37. He was assigned to 1 hour of casing mail for route 4349 and 1 hour of carrier duties at 109th and 110th Western Ave. *See id.* at 37. The appellant accepted that assignment "under protest." *Id.* at 37. He also grieved the matter. *Id.* at 103-08.

¶5 During grievance proceedings, the agency maintained that the appellant's lifting, pushing, and pulling restrictions prevented him from delivering mail on the street and that his kneeling, bending, stooping, and squatting restrictions prevented him from working in the post office box section. *Id.* at 111. The agency showed that it had conducted daily work searches for the appellant and identified appropriate work within his local commuting area at other stations in need of limited or light duty employees. *Id.* at 112. The appellant did not refute that he had refused to go to another station. He argued instead that management should assign him areas with flat terrain from various Morgan Park Station routes so as to avoid violating his climbing restrictions. *Id.* The agency countered that having to mount and dismount a vehicle continuously would violate his climbing restrictions. *Id.* The grievance was resolved, and no violation of the agency's Employee and Labor Relations Manual was shown. *Id.* at 110-13.

¶6		The appellant filed the instant appeal.  IAF, Tab 1.  He maintained that management should assign him 8 hours of work per day, 5 days per week, rather than the 2 to 4 hours of work per day documented in the modified job assignment.  IAF, Tab 1 at 3, Tab 8, Subtab 2.  Because he had not been assigned 8 hours of work per day, he alleged that the agency failed to properly restore him to duty.  IAF, Tab 1.  The administrative judge decided the appeal on the written record, finding that the appellant failed to allege sufficient facts to entitle him to a jurisdictional hearing and dismissing the appeal for lack of jurisdiction.  IAF, Tab 10, Initial Decision (ID) at 2, 10.  The appellant filed this petition for review.  Petition for Review (PFR) File, Tab 1.

## ANALYSIS

¶7		The administrative judge decided this appeal correctly.  An agency must make every effort to restore a partially recovered employee to a position within his medical restrictions and within the local commuting area.  *Chen v. U.S. Postal Service*, 114 M.S.P.R. 292, ¶ 7 (2010), *overruled on other grounds by Latham v. U.S. Postal Service*, 117 M.S.P.R. 400 (2012); 5 C.F.R. § 353.301(d).  A partially recovered employee is one who cannot resume the full range of regular duties but has recovered sufficiently to return to part-time or light duty or to another position with less demanding physical requirements.  *Chen*, 114 M.S.P.R. 292, ¶ 7; 5 C.F.R. § 353.102.  An individual who is partially recovered from a compensable injury may appeal to the Board for a determination of whether the agency acted arbitrarily and capriciously in denying restoration. *Chen*, 114 M.S.P.R. 292, ¶ 8; 5 C.F.R. § 353.304(c).

¶8		To establish jurisdiction over an alleged denial of restoration rights, a partially recovered employee must prove by preponderant evidence that: (1) he was absent from work due to a compensable injury; (2) he recovered sufficiently to return to duty on a part-time basis or to return to work in a position with less demanding physical requirements than those previously required; (3) the agency

denied his request for restoration; and (4) the denial was arbitrary and capricious because of the agency's failure to perform its obligations under 5 C.F.R. § 353.301(d). *Bledsoe v. Merit Systems Protection Board*, 659 F.3d 1097, 1104 (Fed. Cir. 2011); *Latham*, 117 M.S.P.R. 400, ¶ 10. If an appellant makes nonfrivolous allegations of jurisdiction with respect to all four prongs of the jurisdictional standard, he is entitled to a jurisdictional hearing. *Bledsoe*, 659 F.3d at 1102. If he establishes the Board's jurisdiction, he automatically prevails on the merits of his appeal. *See Latham*, 117 M.S.P.R. 400, ¶ 10 n.9.[2]

¶9      The parties do not dispute that the appellant suffered multiple compensable injuries, the latest of which occurred in June 2014. *See* IAF, Tab 7 at 13-15, 17-18, 20-23, 25-27, 29-30. They also do not dispute that, despite his medical limitations, the appellant has recovered sufficiently to return to duty on a part-time basis and that he has in fact accepted and returned to work pursuant to modified job assignments. *See id.* at 34-35, 39-101, 111. As we note above, less than 3 months before he received the modified job assignment that he challenges in this appeal, the appellant accepted a modified job assignment for 1 to 2 hours of work "casing on open routes." *Id.* at 111. The assignment he challenges is for 2 hours of casing and carrying. *Id.* at 37. The appellant thus satisfied his burden for the first two prongs.

¶10     As for the third prong, the appellant did not claim that the agency denied outright his request for restoration. Rather, he argued that the agency improperly restored him when his modified job assignment did not provide him with a full

---

[2] The administrative judge's jurisdictional order directed the appellant to establish jurisdiction but did not inform him how he could do so. IAF, Tab 3; *see Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue). However, any defect was cured by the agency's motion to dismiss, which set forth the elements that an appellant must prove to establish Board jurisdiction under *Latham*. IAF, Tab 7 at 8; *see Scott v. Department of Justice*, 105 M.S.P.R. 482, ¶ 6 (2007) (finding that an administrative judge's failure to provide an appellant with proper *Burgess* notice can be cured if the agency's pleadings contain the notice that was lacking).

8 hours of work per day. *See* IAF, Tab 8, Ex. 2. He asserted that working fewer than 8 hours per day affects his accrual of leave and prospects for retirement. IAF, Tab 1 at 3. Nevertheless, he presented no authority supporting the proposition that the agency's failure to assign him 8 hours of work per day constitutes a failure to restore him as a partially recovered employee. Had he shown that the agency eliminated his limited duty schedule, he would have made a *nonfrivolous allegation* that it denied his request for restoration. *See Brehmer v. U.S. Postal Service*, 106 M.S.P.R. 463, ¶ 9 (2007). Likewise, had the agency partially eliminated previously afforded limited duty, he would have *nonfrivolously alleged* that the agency denied his restoration request.[3] *See Kinglee v. U.S. Postal Service*, 114 M.S.P.R. 473, ¶ 14 (2010). A partially recovered employee, however, may not appeal an allegedly improper restoration, such as an agency's decision not to afford restoration to a full-time schedule. *Zysk v. U.S. Postal Service*, 108 M.S.P.R. 520, ¶ 6 (2008). He may only appeal from an agency's denial of restoration and only on the grounds that such a denial was arbitrary and capricious. *Id.*

¶11    Although there are circumstances in which restoration of a partially recovered employee may be deemed so unreasonable as to amount to a denial of restoration within the Board's jurisdiction, *Foley v. U.S. Postal Service,* 90 M.S.P.R. 206, ¶ 6 (2001), the appellant has not come forward with sufficient facts to meet the fourth prong of the jurisdictional standard. To show that an agency's denial of restoration is arbitrary and capricious, an appellant must either: (1) identify a vacant position, or positions, within the local commuting area that he could perform within his medical restrictions; or (2) set forth facts showing that either the agency did not search the entire local commuting area for vacant positions or that the agency's claim that there are no vacant positions available for him within the local commuting area is in some

---

[3] Successfully making a nonfrivolous allegation does not establish jurisdiction over the appellant's claim but rather merely entitles him to a jurisdictional hearing.

way untrue. *Latham*, [117 M.S.P.R. 400](#), ¶ 66; *Patino v. U.S. Postal Service*, [115 M.S.P.R. 124](#), ¶ 9 (2010); *Urena v. U.S. Postal Service*, [113 M.S.P.R. 6](#), ¶ 13 (2009); *Hogarty v. U.S. Postal Service*, [101 M.S.P.R. 376](#), ¶¶ 10-11 (2006).

¶12        The record shows that the agency continued to find available work for the appellant within his medical restrictions to the extent that such work existed, including during the period following the agency's September 2014 offer of a modified job assignment. *See* IAF, Tab 7 at 34-35, 39-101. He has continued to receive work within his restrictions, including ad hoc tasks that allow him to work significantly more than 2 hours per day. *Id.* During the grievance proceedings, the agency presented evidence establishing that it had examined the entire local commuting area in determining whether there was available work within his medical restrictions and that the appellant had declined to take on additional duties at stations other than Morgan Park. *Id.* at 112.

¶13        The appellant failed to nonfrivolously allege that the agency had not conducted such a search. *See Urena*, [113 M.S.P.R. 6](#), ¶ 13 (finding that, in response to the agency's evidence, an appellant may come forward with nonfrivolous allegations that the agency did not actually search the local commuting area as required by [5 C.F.R. § 353.301](#)(d)). Although he generally asserted that some similarly situated employees were given more hours than he had been given, such vague assertions are insufficient to meet his jurisdictional burden. He did not, for example, allege that the other employees faced medical restrictions similar to his own restrictions or that they worked full 8-hour days during the same pay periods that he did not. We also note that he did not acknowledge that his time and attendance records show that he often worked considerably more than 2 hours per day. Accordingly, even if the appellant had met the third prong of the jurisdictional standard and had nonfrivolously alleged that the agency had denied him restoration, he failed to meet the fourth prong and nonfrivolously allege that the denial was arbitrary and capricious.

¶14     On review, the appellant argues that the agency did not make the modified job assignments in good faith, nor did these assignments allow him to work to his maximum capabilities. Petition for Review (PFR) File, Tab 1 at 4. He argues that he could perform work within his medical restrictions as a carrier by carrying a lighter mail bag on routes where he could walk less and drive more. *Id.* at 9. He argues that the frequent dismounting of his vehicle that would be required on such routes would not violate his medical restrictions. *Id.* He further argues that casing additional routes would not violate his medical restrictions. *Id.* As the administrative judge noted, however, these issues were resolved during the appellant's grievance, where the agency explained that continuously entering and exiting a delivery vehicle could violate his climbing restrictions. IAF, Tab 7 at 112; *see* ID at 4.

¶15     The appellant's argument also relies on an unsworn statement he made after the close of the record below that he submitted with the petition for review. PFR File, Tab 1 at 9-11. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). As the information set forth in the statement was addressed below, it would not meet the Board's definition of new evidence. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (holding that, to constitute new and material evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed).

¶16     For the same reason, the appellant's other arguments raised in the statement and attached documents do not support granting the petition for review. The appellant alleges that the agency did not identify the dates upon which he refused assignments at other stations and that he did not take these positions because he had a physician's excuse for not taking them. PFR File, Tab 1 at 10. He argues

that the positions were "temporary" ones in any event. *Id.* In support of these arguments, he included with his petition for review selected pages from various agency manuals, a physician's note for absences between August 22 and August 27, 2014, and an unsworn statement from his union steward stating that he had never declined an assignment. *Id.* at 13-21. These documents or the information therein would have been available to the appellant prior to the close of the record, and he has not explained why he was unable to submit them.

¶17 Finally, the appellant argues that that he was unaware that another employee had filed an equal employment opportunity (EEO) complaint in which he was a comparator. *Id.* at 3. He additionally argues that he was not aware that he could request a reasonable accommodation for his condition under the Rehabilitation Act. *Id.* In support of his argument, he submitted an investigative affidavit from the EEO complaint. *Id.* at 12. To the extent that the appellant is trying to raise new arguments on review, the Board will not consider such an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980); 5 C.F.R. § 1201.115(d). These arguments rely on factual matters of which the appellant was likely aware before the record closed, and he has not explained why this information was unavailable to him before that time. *See Grassell*, 40 M.S.P.R. at 564. In any event, we also note that the record includes an informal EEO complaint that the appellant filed, invoking his rights under the Rehabilitation Act. IAF, Tab 8, Ex. 8. For all of these reasons, we deny the appellant's petition for review and affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your appeal to the Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.                                        The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 William D. Spencer
                                 Clerk of the Board

Washington, D.C.